UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 1, 2018

LETTER TO COUNSEL

RE: *Tiffany Brooks v. Commissioner, Social Security Administration*;[1]
Civil No. SAG-17-3237

Dear Counsel:

On November 2, 2017, Plaintiff Tiffany Brooks petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 15). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

After a prior denial, Ms. Brooks filed her claims for benefits on September 11, 2014, alleging an onset date of March 18, 2014. (Tr. 318-27). Her claims were denied initially and on reconsideration. (Tr. 122-47, 150-75). A hearing was held on January 24, 2017, before an Administrative Law Judge ("ALJ"). (Tr. 70-82). Following the hearing, the ALJ determined that Ms. Brooks was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 44-69). The Appeals Council ("AC") denied Ms. Brooks's request for further review, (Tr. 4-10), so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Ms. Brooks suffered from the severe impairments of "left knee osteoarthritis, neuritis, radiculitis, right shoulder tear of supraspinatus tendon with tendinosis, obesity, major depressive disorder, panic disorder, [and] agoraphobia." (Tr. 50). Despite these impairments, the ALJ determined that Ms. Brooks would retain the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can lift 10 pounds occasionally and frequently. She can occasionally stoop,

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

>  crouch, and kneel, but never crawl. She can occasionally climb stairs and ramps, but never ladders, ropes, or scaffolds. She needs to avoid concentrated exposure to cold weather extremes, wetness, vibration, and hazards. She is limited to occasional overhead reaching with the right upper extremity. She is limited to simple, routine, repetitive tasks with occasional interaction with supervisors, coworkers, and the public, but direct customer service and no teamwork. Beginning February 1, 2016, she needs a cane to ambulate.

(Tr. 55). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Brooks could perform her past relevant work as a document preparer and, alternatively, other jobs existing in the national economy. (Tr. 61-62). Therefore, the ALJ concluded that she was not disabled. (Tr. 63).

Ms. Brooks makes several arguments on appeal: (1) that the ALJ's assignment of "some weight" to each of her medical sources' opinions was unsupported and undefined; (2) that the ALJ's RFC assessment was flawed and runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); (3) that the ALJ's decision did not comport with Fourth Circuit law and SSA guidance as to the proper treatment of a prior favorable ALJ determination; and (4) that the ALJ's RFC assessment conflicted with the definition of her past relevant work in the Dictionary of Occupational Titles ("DOT"). Although some of Ms. Brooks's arguments lack merit, I agree that the ALJ's analysis did not comply with *Mascio,* and I therefore grant remand.

Beginning with the successful argument, in *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et seq*. pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id*. § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id*.

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1620a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id*. § 404.1620a(c)(4). To satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas,

or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id*. § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id*. § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*. The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*. at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id*.

In the instant case, the ALJ found that Ms. Brooks had moderate difficulties maintaining concentration, persistence, or pace. (Tr. 54). The ALJ's analysis stated:

> The claimant stated she did not know how long she could pay attention and complained of panic attacks. The claimant also reported she followed instructions "ok" and finished what she started. While the claimant was observed to have impaired attention by her mental health providers, there were no routine findings of serious limitations in the claimant's ability to concentrate. She was not observed to be easily distractible and did not report difficulty sustaining a routine. Although the claimant reported she took multiple naps per day, the record does not reflect reports of a need to nap at this frequency. As such, the claimant has no more than a moderate limitation in concentrating, persisting, or maintaining pace.

*Id.* (citations omitted). According to 20 C.F.R. § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

20 C.F.R. § 404.1520a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

*Id.* § 404.1520a(e)(4). The analysis provided by the ALJ in Ms. Brooks's case fails to fulfill these requirements. Most of the ALJ's analysis suggests that she does not believe Ms. Brooks to have any significant limitation, and the analysis does not permit me to ascertain why the ALJ believed Ms. Brooks to have moderate difficulties in concentration, persistence, and pace, instead of mild or no difficulties. Absent an understanding of the reasons behind that conclusion, and absent any discussion elsewhere in the opinion about Ms. Brooks's ability to sustain work or to maintain a particular pace throughout an eight-hour workday, I cannot find substantial evidence to support the limitations found by the ALJ. The RFC restriction to "simple, routine, repetitive tasks" is directly analogous to the language deemed insufficient in *Mascio*, and the only other limitations imposed by the ALJ address social functioning, not concentration or persistence.[2] (Tr. 55). In light of these inadequacies, I must remand the case to the SSA for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Brooks is not entitled to benefits is correct.

Mr. Brooks's remaining arguments are less persuasive. The ALJ explained, for each medical source, the reason she assigned only "some weight" to his or her opinions, thus rendering the assignments fully amenable to appellate review. *See, e.g.*, (Tr. 58-60). In addition, the ALJ cited to the relevant authority and provided an appropriate analysis of Ms. Brooks's prior favorable ALJ decision from 2012, including an explanation as to why the ALJ reached a contrary result in 2017. (Tr. 47, 58-59). Finally, even if Ms. Brooks's argument about a conflict between the ALJ's determination and the DOT's definition of her past relevant work were to be

---

[2] I further note that there appears to be some type of error or omission in the RFC assessment, where it says "occasional interaction with supervisors, coworkers, and the public, but direct customer service and no teamwork." (Tr. 55). Presumably, the ALJ intended to insert the word "no" before "direct."

meritorious, the error would be harmless in light of the ALJ's alternative findings of other work at step five. On remand, however, the ALJ can consider whether additional discussion of any of these issues would be necessary or appropriate.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 14) is DENIED, and Defendant's Motion for Summary Judgment (ECF No. 15) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge